NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 26 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHNNY ANDRES ASUNCION III,

Defendant - Appellant.

No. 23-539

D.C. No.
1:17-cr-02015-EFS-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted May 10, 2024[**]
Submission Deferred June 3, 2024
Submitted February 24, 2026
Seattle, Washington

Before: MURGUIA, Chief Judge, and W. FLETCHER and OWENS, Circuit
Judges.

Johnny Andres Asuncion III appeals from a resentencing for his conviction

for possession with intent to distribute methamphetamine in violation of 21 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 841(a)(1), (b)(1)(A)(viii). He challenges the district court's use of and refusal to vacate two previous 18 U.S.C. § 922(g)(1) convictions during the resentencing. As the parties are familiar with the facts, we do not recount them here. We vacate and remand for resentencing.

Asuncion asked us to vacate his two § 922(g)(1) convictions and to conclude the district court erred in counting those convictions toward his criminal history points during resentencing. We held this appeal in abeyance pending *United States v. Duarte*, 137 F.4th 743 (9th Cir. 2025) (en banc), which concerned the constitutionality of § 922(g)(1). During that time, Asuncion filed a motion to remand, noting that he successfully obtained a writ of coram nobis from the district court, which vacated his two felon-in-possession convictions under § 922(g)(1). *United States v. Asuncion*, Nos. 2:00-cr-2166-EFS, 2:03-cr-2160-EFS, 2025 WL 2921829 (E.D. Wash. Oct. 14, 2025).

Accordingly, we grant Asuncion's motion, and vacate and remand to the district court for resentencing.

**VACATED AND REMANDED.**